## 35174. In re HALDI.
## 35175. SHEPHERD v. SHEPHERD.

HILL, Justice.

This is the ninth appeal in the continuing litigation between these parties. See *Shepherd v. Shepherd,* 243 Ga. 253 (253 SE2d 696) (1979) and cits.

1. On the first appeal we held that the wife was entitled to temporary alimony pending her separate maintenance suit. *Shepherd v. Shepherd,* 231 Ga. 257 (6) (200 SE2d 893) (1973).

After that appeal, the husband amended his answer so as to raise the question of the constitutionality of our "wives only alimony" law. Without deciding whether that question was timely raised, and citing *Murphy v. Murphy,* 232 Ga. 352 (206 SE2d 458) (1974), cert. den. 421 U. S. 929, we upheld the wife's right to alimony. *Shepherd v. Shepherd,* 232 Ga. 354 (206 SE2d 460) (1974).

On the third appeal, we affirmed the jury verdict and the judgment granting the wife permanent alimony in her separate maintenance suit. Again we overruled husband's claim based on our "wives only alimony" law. *Shepherd v. Shepherd,* 233 Ga. 228 (210 SE2d 731) (1974). The U. S. Supreme Court denied certiorari on April 21, 1975. Shepherd v. Shepherd, 421 U. S. 932 (1975).

We dismissed the fourth appeal due to the husband's failure to comply with this court's order to file his enumerations of error in that contempt case. *Shepherd v. Shepherd,* 234 Ga. 708 (217 SE2d 286) (1975).

After the husband sued for divorce and the wife was denied temporary alimony in the divorce action, we held on the fifth appeal that while the divorce action was pending the wife was not entitled to continue to receive

alimony on the jury's award in the separate maintenance case. There we ruled that if the issue of alimony were adjudicated in the divorce case, the prior award would be entirely superseded. *Shepherd v. Shepherd,* 236 Ga. 425 (223 SE2d 818) (1976).

As shown by the opinion in the sixth appeal, the alimony issue was not adjudicated in the divorce case and hence after the divorce was granted, the prior separate maintenance award resumed full force and effect. *Shepherd v. Shepherd,* 239 Ga. 22, 23 (235 SE2d 538) (1977).[1] We so held on the seventh appeal, where we also held that the trial court erred in setting aside its order holding the former husband in contempt for failure to pay the separate maintenance award. *Shepherd v. Shepherd,* 241 Ga. 484 (246 SE2d 183) (1978).

Upon the return of this court's remittitur after the seventh appeal, the trial court permitted the former husband to amend his motion and again set aside its order holding the husband in contempt. On the eighth appeal, we held that after this court decided the case, the trial court had no authority to allow the husband's motion to be amended, nor to hear further evidence, nor reinstate its order which this court had reversed, nor do anything except to make the judgment of this court the judgment of the trial court. *Shepherd v. Shepherd,* 243 Ga. 253, supra.

Following the eighth appeal, the trial court permitted the former husband to again amend his motion.

---

[1]The fourth appeal had involved contempt for nonpayment of temporary alimony in the wife's separate maintenance case. The fifth appeal arose from the husband's action for divorce. The sixth appeal arose after the divorce and involved contempt for nonpayment of temporary and permanent alimony awarded in the wife's separate maintenance suit. As the husband contended in the sixth appeal, a proceeding to enforce a permanent alimony judgment by citation for contempt is a separate and distinct proceeding from that in which the alimony was awarded. *Harris v. Harris,* 205 Ga. 105 (2) (52 SE2d 598) (1949); 9 EGL 137, 138, Divorce and Alimony, § 32 (1977 Rev.).

On May 15, 1979, the trial court set aside the separate maintenance award and granted a new trial as to the verdict and judgment which this court had affirmed in 1974 on the third appeal.[2] This the trial court cannot do. We held that last time. The trial court erred in allowing the husband to amend and in granting a new trial. We repeat once more what we previously said: "Direction is given that upon receipt of the remittitur by the trial court, a judgment be entered thereon overruling appellee's motion [to vacate and for new trial] and reinstating the previous orders and fi. fas. set aside." *Shepherd v. Shepherd,* supra, 243 Ga. at 255.

2. This court's opinion on the eighth appeal was rendered on February 15, 1979, and the former husband's motion for rehearing was denied by this court on March 6, 1979. On March 15, the husband filed his additional motions in the trial court (based upon Orr v. Orr, supra, which had been decided on March 5, 1979). This court's remittitur was filed in the DeKalb Superior Court clerk's office on March 21. The wife's counsel moved that the remittitur of this court be made the judgment of the trial court but the trial judge found that the intervening motions of the former husband filed March 15 would have to be considered before the trial court would adopt this court's judgment.

On April 12 the wife, through her counsel, moved that the trial judge recuse himself. After setting forth the pertinent dates and the fact that the judge had refused to make the judgment of this court the judgment of the trial

---

[2]The basis of the amendment to the motion and order was that "wives only alimony" was unconstitutional as held in Orr v. Orr, — U. S. — (99 SC 1102, 59 LE2d 306) (1979). We ruled on this issue on the second and third appeals, supra, and certiorari as to the third appeal was denied by the U. S. Supreme Court. We are now in the contempt phase of the litigation, which is separate and distinct from the alimony case. See fn. 1, above. It is too late in a contempt proceeding for a husband to challenge the constitutionality of our "wives only alimony" laws. *Hunsinger v. Leachman,* 244 Ga. 104 (1979).

court, the motion alleged that "Judge E. T. Hendon, by his refusal to carry out the dictates and directives of the Supreme Court and by his other actions in this case has shown that he is not impartial and should recuse himself and the Plaintiff prays . . . [for further relief]." The husband's motions and the wife's motion to recuse came on for hearing on May 11, 1979, at which time the wife's attorney testified in support of the motion.

At the conclusion of the hearing on the motion to recuse, the trial judge, without prior notice, held the wife's attorney, Glenville Haldi, in contempt of court based on the language of the motion to recuse, its failure to disclose all the facts, the attorney's failure to present evidence to substantiate the motion, and the attorney's testimony that he felt the judge was not impartial and had predetermined the issues in the case. The attorney was sentenced to serve 20 days in jail. The attorney appeals.

We have examined the motion to recuse in this case and the transcript of the hearing on that motion and find that the evidence does not support adjudication that the attorney was in contempt.

*Judgments reversed. All the Justices concur.*

ARGUED JULY 11, 1979 — DECIDED OCTOBER 16, 1979 —
REHEARING DENIED OCTOBER 30, 1979.

Glenville Haldi, *pro se.*

*Peek & Whaley, William H. Whaley,* for appellant (Case No. 35174).

*Glennville Haldi, William H. Whaley,* for appellant (Case No. 35175).

*B. J. Smith,* for appellee.