A90A0723. CALVERT ENTERPRISES, INC. v. GRIFFIN-SPALDING COUNTY HOSPITAL AUTHORITY.
(399 SE2d 287)

POPE, Judge.

Plaintiff brought suit against defendant alleging defendant had breached the contract entered into by the parties pursuant to which plaintiff was to perform collection services for defendant on its accounts. Defendant answered and counterclaimed, denying its liability to plaintiff; defendant also filed a request for interlocutory injunction, seeking to require plaintiff to return defendant's records and to remit monies plaintiff collected on defendant's accounts. On September 1, 1989, the trial court entered an order enjoining plaintiff from further collection efforts on defendant's behalf. Plaintiff was also ordered to remit to defendant two-thirds of the monies it had collected for defendant, to pay the remaining one-third into the registry of the court, and to return defendant's records.

On September 25, 1989, defendant filed a motion for contempt against plaintiff, contending that plaintiff had failed to comply with the court's September 1 order. A hearing was held on October 20, 1989, at which time plaintiff was adjudged to be in wilful contempt of the court's previous order. Plaintiff was ordered to comply with the court's September 1 order, to submit an acceptable bond to the defendant, and to pay defendant $500 in attorney fees. After orally announcing its judgment, the court informed plaintiff's representative that it was going to do her a favor and buy her lunch at the Spalding County Jail. The trial judge admonished plaintiff's representative that if plaintiff failed to comply with the court's order within seven days, the jail would be her residence. Plaintiff's counsel immediately announced her intent to appeal the court's ruling and moved for a supersedeas. The trial court deferred ruling on the request for supersedeas and plaintiff's representative was transported to the jail for lunch. The trial court subsequently granted plaintiff's request for supersedeas, thereby suspending execution of the court's contempt judgment. Plaintiff appeals.

1. Plaintiff does not challenge the trial court's order insofar as it found plaintiff in wilful contempt of the trial court's September 1 or-

der. Rather, plaintiff enumerates as error the trial court's refusal to rule immediately on the request for supersedeas and the trial court's order insofar as it required plaintiff's agent to eat lunch at the jail. We agree that the trial court's actions in this case were without authority and constituted reversible error. Although the trial court did not characterize its action in requiring plaintiff's representative to have lunch at the jail as part of the contempt sentence, that was clearly the result of the court's actions in ordering plaintiff to be placed in immediate, if temporary, custody.

The next question is whether OCGA § 5-6-13 was properly invoked. Subsection (a) of that section provides that "[a] judge of any trial court or tribunal having the power to adjudge and punish for contempt shall grant to any person convicted or adjudged to be in contempt of court a supersedeas upon application and compliance with the provisions of law as to appeal and certiorari, where the person also submits, within the time prescribed by law, written notice that he intends to seek review of the conviction or adjudication of contempt. It shall not be in the discretion of any trial court judge to grant or refuse a supersedeas in cases of contempt."

The record shows that immediately after the court announced its contempt order, the following transpired:

"Plaintiff's counsel: Your Honor, I have a notice of intent to seek appeal which invokes the automatic supersedeas.

"The Court: I'll take it up after while. I'll look at it before I leave.

"Take Ms. Calvert out to the jail, please, ma'am.

"[Plaintiff's counsel]: Your Honor, I believe that because of that supersedeas it automatically stops all that.

"The Court: Ms. Bradford, I'd be careful if I was you, I'll send you out there to eat lunch if you're not careful. I'll take this up in a little while.

"Take this lady out with you."

Defendant acknowledges in its brief that "[plaintiff], through counsel, attempted to present a Notice of Intent to Appeal and Motion for Supersedeas to the Court" at the October 20 hearing. As shown by the recitations from the transcript, the court acknowledged the notice but refused to act on it until after lunch, at which time its immediate custody order had been carried out. The record shows the order was not signed until October 26 and for some unexplained reason, the notice and order were not filed with the court until December 4. However, pretermitting the issue of when the written notice of intent to appeal was actually filed, it is clear from the record before us that the written notice was submitted to the court on October 20, before the temporary custody order was carried out. The plaintiff having complied with the provisions of OCGA § 5-6-13, the trial court was without authority to delay its ruling until its punishment was

complete. The statute calls a mandatory halt as matter of right. *Cody v. Cody*, 221 Ga. 677, 679 (146 SE2d 778) (1966). Thus, under the facts of this case, we agree that the trial court erred in refusing to rule immediately on the request for supersedeas.

2. Defendant's motion to dismiss this appeal on the basis of mootness is denied. See, e.g., *United Food &c. Union v. Amberjack, Ltd.*, 253 Ga. 438 (321 SE2d 736) (1984).

*Judgment reversed. Motion to dismiss appeal denied. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 26, 1990.

*Nancy A. Bradford*, for appellant.
*Smalley & Cogburn, Robert H. Smalley*, for appellee.