## S92A0018. PHILLIPS v. TITTLE.
(411 SE2d 871)

FLETCHER, Justice.

We granted this discretionary application to consider whether the trial court should have issued an unconditional order providing for the arrest and ten-day incarceration of Sheila Diane Phillips. The trial court found Phillips in contempt of court for failing to comply with the parties' 1991 divorce decree. We find the order held Phillips in civil contempt without condition and remand for the trial court to enter a conditional order.

Since the trial court does not specify whether it found Phillips in civil or criminal contempt, we must examine the purpose of the contempt order. See *Ensley v. Ensley,* 239 Ga. 860 (238 SE2d 920) (1977). " 'Where the primary purpose is to preserve the court's authority and to punish for disobedience of its orders, the contempt is criminal. Where the primary purpose is to provide a remedy for an injured suitor and to coerce compliance with an order, the contempt is civil.' " Id. at 861, citing 17 AmJur2d 7, Contempt, § 4. Because the

---

purpose of the contempt order in this case is to obtain the wife's compliance with the divorce decree, the contempt is civil.

"Civil contempt orders imposing a sentence to jail for violation of visitation rights should be conditioned upon compliance." *Easley v. Easley*, 238 Ga. 180, 181 (231 SE2d 763) (1977). The trial court, however, neglected to condition Phillips' ten-day sentence on her failure to purge herself of contempt. We remand for the trial court to modify its contempt order to make Phillips' sentence conditional on her failure to comply with the court's order.

*Judgment remanded. Clarke, C. J., Weltner, P. J., Bell, Hunt and Benham, JJ., concur.*

DECIDED JANUARY 16, 1992.

*Thomas M. Strickland,* for appellant.
*James W. Smith,* for appellee.