## A02A0091. BINKLEY v. FLATT.

(568 SE2d 95)

POPE, Presiding Judge.

Victoria Binkley appeals from the order of the trial court holding her in contempt for failing to comply with the visitation rights previously awarded to Carmen Flatt, who is the paternal grandmother of Binkley's child.

Flatt's son and Binkley were never married, but the two resided with Flatt during Binkley's pregnancy. Binkley was living in Carmen Flatt's home at the time of the child's birth, but Flatt's son was in prison. Binkley and the child continued to reside with Flatt for some period and relied upon Flatt for support. But when Binkley subsequently left Flatt's home and remarried, she refused to allow Flatt any visitation rights with the child.

Flatt then filed a petition for visitation rights with her grandchild pursuant to the then existing version of OCGA § 19-7-3 (b). On October 11, 1991, the trial court granted Flatt certain visitation rights "[f]or so long as the father of the subject child remains imprisoned and until he obtains visitation rights with the subject child." This ruling was based upon the "best interest of the child." The order further provided that Flatt would not take the child to visit the father during his incarceration without Binkley's written consent. There is nothing in the record before us to indicate that Binkley appealed this order.

Later, Binkley discovered that after the father was released from prison, Flatt was allowing him to see the child during her visitation. In response, Binkley refused to allow Flatt to visit the child unless the visitation was in Binkley's house. Flatt then filed a "Citation for Contempt" against Binkley, asserting that she was in violation of the 1991 visitation order.

Binkley subsequently filed a motion in a separate proceeding to set aside the visitation order on the ground that it was unconstitutional because the statute upon which the order was based was ruled unconstitutional in 1995. See Brooks v. Parkerson, 265 Ga. 189 (454 SE2d 769) (1995). In addition, the parties' briefs indicate that in a third action, the mother has moved to terminate the father's parental rights and the stepfather has petitioned to adopt the child. It appears from the parties' briefs that these matters were all pending before the same trial judge and that a motion for consolidation has been filed.

The trial court held a hearing on the contempt motion on July 10, 2001. Although Binkley's attorney apparently attempted to argue the other pending matters, the trial court limited his consideration to the contempt motion, which was the only matter scheduled for hearing. The proceeding was not transcribed, but the subsequent written

order reflects that the trial court found Binkley in wilful contempt of the 1991 visitation order. The trial judge sentenced her to serve a minimum of ten days in jail and to remain in jail until she comes into compliance with the visitation order.

1. "The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion." (Citation and punctuation omitted.) *Torres v. Putnam County*, 246 Ga. App. 544, 546 (541 SE2d 133) (2000). Binkley contends that the trial court's contempt order should be reversed because the original 1991 visitation order was based upon an unconstitutional statute and thus should not be binding.

"Ordinarily, the proper method for attacking an erroneous court order is to appeal it or to take some measure to persuade the ordering court to reconsider and change it. A person may not simply ignore it; if he does so, he does so at his own peril and must assume the risk of being held in contempt." (Citation and punctuation omitted.) *Edwards v. Edwards*, 254 Ga. App. 849, 854 (563 SE2d 888) (2002). It appears from the record and briefs that Binkley took no action to seek relief from the 1991 visitation order until after Flatt had filed her motion for contempt. Therefore, she violated the order at her own risk.[1]

And although she asserted as a defense to contempt the unconstitutionality of the underlying statute, there has been no adjudication as to whether the order itself is unconstitutional. See generally *Hunsinger v. Leachman*, 244 Ga. 104 (259 SE2d 633) (1979); *In re Haldi*, 244 Ga. 545, 547 (1), n. 2 (261 SE2d 339) (1979) (noting that it is too late in a contempt proceeding to raise constitutional challenges). In 1991, when the original visitation order was entered, OCGA § 19-7-3 (c) provided for grandparent visitation " 'upon proof of special circumstances which make such visitation rights necessary to the best interests of the child.' " *Brooks v. Parkerson*, 265 Ga. at 190 (1) (quoting earlier version of the statute). The trial court in this case found, in reliance upon that statute, that grandparent visitation would be in the child's best interest.

The Supreme Court of Georgia ruled in 1995, however, that the statute was unconstitutional, because it "falls short both in its apparent attempt to provide for a child's welfare and in its failure to require a showing of harm before visitation can be ordered." *Brooks v.*

---

[1] Binkley asserts that the order was self-terminating because it provided for visitation "[f]or so long as the father of the subject child remains imprisoned and until he obtains visitation rights with the subject child." But because the father has not obtained visitation rights with the child, but only sought such rights, the order had not terminated at the time of the contempt hearing.

*Parkerson*, 265 Ga. at 194 (2) (c).[2] In 1996, in response to the *Brooks* decision, the Georgia legislature enacted the current version of the grandparent visitation statute. The statute now provides that reasonable grandparent visitation rights may be granted if the court finds both that "the health or welfare of the child would be harmed unless such visitation is granted, and . . . the best interests of the child would be served by such visitation." OCGA § 19-7-3 (c).

Although the visitation order in this case rests solely upon a determination of the best interest of the child, no court has addressed whether the evidence before the trial judge in 1991 would have been sufficient to authorize visitation under the current version of the statute. Thus, the order remained in place at the time of the contempt hearing.

We cannot say, therefore, that the trial court grossly abused its discretion in finding that Binkley was in contempt of that order, although in light of the *Brooks* decision, the better practice may have been to delay the contempt motion until the constitutionality issue had been addressed. Nevertheless, because this is a civil contempt proceeding, the trial court was required to condition any jail time upon compliance with the visitation order. *Phillips v. Tittle*, 261 Ga. 820, 821 (411 SE2d 871) (1992). The contempt order as written, however, directs a ten-day minimum jail term, without condition. Accordingly, we remand the case to the trial court to make Binkley's sentence conditional upon her failure to comply with the visitation order.

2. Binkley also asserts that the trial court unfairly confined her in jail for two days before signing a supersedeas order. We agree. The record reflects that the trial judge ordered Binkley into custody on July 10, 2001. Her counsel filed an application for supersedeas on July 11, indicating that she was contemporaneously filing an application to the Supreme Court for appellate review.[3] The order granting supersedeas was not signed until July 13. Under OCGA § 5-6-13, a trial court has no discretion to grant or refuse a supersedeas in cases of contempt where the defendant has submitted an application and written notice indicating her intention to seek an appeal. "The plaintiff having complied with the provisions of OCGA § 5-6-13, the trial court was without authority to delay its ruling until its punishment was complete. The statute calls a mandatory halt as a matter of

---

[2] Subsequently, the U. S. Supreme Court found that the state of Washington's grandparent visitation statute was unconstitutional. That statute also allowed visitation only upon a finding that it served the best interest of the child. *Troxel v. Granville*, 530 U. S. 57 (120 SC 2054, 147 LE2d 49) (2000).

[3] The matter was subsequently transferred to this Court, which granted Binkley's application on August 16, 2001.

right." *Calvert Enterprises v. Griffin-Spalding County Hosp. Auth.*, 197 Ga. App. 727, 728-729 (399 SE2d 287) (1990).

*Judgment affirmed and case remanded with direction. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 21, 2002 —
RECONSIDERATION DENIED JULY 2, 2002.

*Gale & Henry, Barbara J. Gale*, for appellant.
*Ronald G. Shedd*, for appellee.