## A03A1372. RAINEY v. LANGE et al.
(583 SE2d 163)

BLACKBURN, Presiding Judge.

In this appeal regarding grandparent visitation rights, Charles Emerson Rainey appeals the trial court's grant of visitation rights to Thomas and Vicki Lange, his daughter's maternal grandparents, contending that the trial court erred by failing to make specific written findings of fact in support of its ruling pursuant to OCGA § 19-7-3 (c). For the reasons set forth below, we vacate the trial court's order and remand with direction.

1. The record shows that Rainey and Dawn Renee Lange Ormond, Rainey's ex-wife, have one daughter. Although Ormond was originally given custody of the child, Rainey filed a petition for modification of custody, contending that his ex-wife was not properly caring for their daughter. Pending a hearing, Rainey was given temporary custody of his daughter, and Ormond's parents, the Langes, were allowed to intervene in the custody action. At the subsequent hearing, the trial court accepted a settlement agreement regarding custody submitted by Rainey and Ormond. In addition, the trial court granted visitation rights to the Langes. Rainey now appeals the grant of visitation to his daughter's maternal grandparents.

The statutory provision authorizing grandparent visitation rights is OCGA § 19-7-3 (c), which states:

> [T]he court may grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted, and if the best interests of the child would be served by such visitation. The court shall make specific written findings of fact in support of its ruling. There shall be no presumption in favor of visitation by any grandparent.

See also *Binkley v. Flatt.*[1] "OCGA § 19-7-3 (c) does not require a finding that a parent is unfit, but simply that 'the health or welfare of the child would be harmed unless such visitation is granted.'" *Rogers v. Barnett.*[2] "Absent clear and convincing evidence that the child [will] experience actual physical, mental, or emotional harm if visitation was denied, the trial court cannot justify mandating grandparent visitation over the objections of the parents." *Hunter v. Carter.*[3]

In this case, the trial court's order neither shows that a clear and convincing evidence standard was employed nor contains the written

---

[1] *Binkley v. Flatt,* 256 Ga. App. 263, 265 (1) (568 SE2d 95) (2002).

[2] *Rogers v. Barnett,* 237 Ga. App. 301, 303 (4) (514 SE2d 443) (1999).

[3] *Hunter v. Carter,* 226 Ga. App. 251, 253-254 (1) (485 SE2d 827) (1997).

findings of fact required by OCGA § 19-7-3 (c). The order granting grandparent visitation states only:

> Given the allegations the parents have raised against each other (but without making a finding as to the truth or falsity of any of the allegations), the Court finds that enough issues have been raised that visitation with the [maternal grandparents] is in the child's best interests and will promote the child's well-being and avoid harm to the child's welfare, by way of providing a system of checks and balances.

This broad conclusory statement fails to set forth *specific* findings of fact supporting the trial court's grant of grandparent visitation which would "enable this Court to conduct an intelligent review of the merits" of this case. *Perrin v. Stansell.*[4]

As the trial court's order granting visitation rights to the Langes does not include the specific findings of fact required by OCGA § 19-7-3 (c), we must vacate that order and remand the case so that, employing a clear and convincing evidence standard, the trial court may enter such written findings if supported by the evidence.

2. We note that Ormond and the Langes also argue that we should not consider Rainey's appeal because his initial motion for new trial was a nullity. We disagree.

The trial court originally entered its visitation order on December 4, 2002. On the same day, Rainey filed a notice of appeal and subsequently asked this Court to exercise its discretion to consider the trial court's ruling. On December 13, 2002, Rainey filed a motion for new trial with the trial court. On January 30, 2003, this Court dismissed Rainey's application for discretionary review because the trial court had not ruled on the motion for new trial. On February 3, 2003, the trial court denied Rainey's motion for new trial, and on February 6, 2003, Rainey once again filed an application with this Court for a discretionary appeal, which was granted on February 27, 2003.

Contrary to the Langes' argument, Rainey's motion for new trial was not rendered a nullity merely because it was filed subsequent to his initial notice of appeal. In *Housing Auth. &c. of Atlanta v. Geter,*[5] our Supreme Court considered "the unique question of the effect of a notice of appeal upon a subsequent motion for new trial which is filed within the statutory period" and held: "In the event a motion for new trial is timely filed . . . , the effectiveness of the divestiture of jurisdiction is then delayed until the motion for new trial is ruled upon and a notice of appeal to the ruling has been filed or the period for

---

[4] *Perrin v. Stansell*, 243 Ga. App. 475, 480 (3) (533 SE2d 458) (2000).

[5] *Housing Auth. &c. of Atlanta v. Geter*, 252 Ga. 196, 197 (312 SE2d 309) (1984).

appealing the ruling has expired." In accordance with this law, this Court dismissed Rainey's initial discretionary appeal to allow the lower court to rule on his motion for new trial. On February 3, 2003, the trial court did so, and three days later, Rainey filed his second application for discretionary appeal, which this Court accepted on February 27, 2003. This Court, therefore, may properly hear Rainey's appeal. *Geter*, supra. And, any attempts by the trial court to alter its ruling on Rainey's motion for new trial following his second application for discretionary review on February 6, 2003, have no effect, because at that time, the trial court had, in fact, been divested of its jurisdiction. See OCGA § 5-6-35 (h).

*Judgment vacated and case remanded. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 4, 2003.

*Brian M. House*, for appellant.
*Amy A. Petulla*, for appellees.