669 S.E.2d 207 (2008)
In the Interest of K.I.S., a child.
No. A08A1387.
Court of Appeals of Georgia.
October 29, 2008.
*208 Gregory Wayne Holt, Warner Robins, for Appellant.
T. Rabb Wilkerson III, for Appellee.
ADAMS, Judge.
The paternal grandmother of K.I.S. appeals from an order of the juvenile court providing, inter alia, that any contact between the grandmother and the child occur at the discretion of the legal custodians of the child.
The record shows that the grandmother previously had physical and legal custody of the child but that in November 2006, the child was adjudicated deprived and placed in the custody of an aunt and uncle because, due to her age, the grandmother was no longer able to care for the child. Recognizing the bond that existed between them, that order further provided for some visitation rights (one Saturday per month) and phone calls (two per week) between the grandmother and K.I.S. However, the order also imposed conditions on these rights:
The Court is aware that abuses have occurred of making Emergency calls under circumstances where no emergency existed. The Court is also aware that undue pressure has been put on this six-year-old child during phone calls with [the grandmother], resulting in the child becoming upset. The court places [the grandmother] on notice that such conduct is contrary to the Child's best interests and will not be tolerated. Refusal to comply with the terms of this order including the limitations as to the frequency and number of calls shall result in contempt proceedings against the offending party, with a fine, incarceration or modification of the order being the possible outcome.
Subsequently, the custodians ceased allowing K.I.S. to have contact with the grandmother because they believed that the contact was causing K.I.S. to experience fear, anxiety and nightmares, and the grandmother filed a motion seeking to hold them in contempt of the November order. A guardian ad litem was appointed, who filed a motion *209 to amend the visitation provisions of the previous order. The custodians also filed a motion, inter alia, to amend the November order so that the grandmother would have no contact with K.I.S. Following a hearing, the juvenile court entered an order awarding permanent custody of the child to her aunt and uncle; this order also provided that there would be no court-ordered or mandatory visitation or contact between the grandmother and K.I.S. and that any contact would be in the discretion of the custodians. It is from this order that the grandmother appeals.
1. The grandmother first argues that the juvenile court erred by allowing hearsay testimony, over objection, as a basis for its findings of fact and conclusions of law. Specifically, the grandmother contends the trial court erred by admitting testimony from the child's teacher and school counselor concerning statements made to them by the child concerning her fear of her grandmother, that she had nightmares about her grandmother, and that she did not want to visit her grandmother alone. The grandmother also contends the trial court erred in admitting and relying upon testimony from the custodial aunt concerning the child's fears and nightmares about her grandmother, as well as statements the child told her aunt the grandmother made to her about other relatives.
First we note that in proceedings involving custody of a child, all information that is helpful in determining the questions presented may be received by the court and relied upon to the extent of its probative value. OCGA § 15-11-56(a). Moreover, in a nonjury case, we must presume that the court is able to select and consider the properly presented evidence and disregard the remainder. But it is equally true that "[t]he assumption that a ... court has correctly applied the law is a theoretical one, and has no place where it affirmatively appears to the contrary." McBride v. State, 247 Ga.App. 767, 770(1), 545 S.E.2d 332 (2001). See also In the Interest of C.D.E., 248 Ga.App. 756, 763-764(2), 546 S.E.2d 837 (2001). And from our review of the juvenile court's order in this case, it appears that the juvenile court did rely on the child's out-of-court statements in making certain findings regarding visitation with the grandmother,[1] which was inappropriate. Woodruff v. Woodruff, 272 Ga. 485, 487(1), 531 S.E.2d 714 (2000) (statements of nontestifying children inadmissible and could not be considered by court unless testimony as to the statements was admissible pursuant to an applicable hearsay exception).
Moreover, although some nonhearsay evidence was presented which arguably would support some of the juvenile court's findings, we are nevertheless unable to intelligently review the order because it fails to recite what standard was applied in determining that the previous order granting the grandmother visitation should be modified so as to provide visitation solely at the discretion of the custodians. See OCGA § 19-7-3(c); see also Perrin v. Stansell, 243 Ga.App. 475, 477(1)(a), 533 S.E.2d 458 (2000). It is therefore necessary to remand this case to the juvenile court for reconsideration in light of the above.
2. Because we are remanding this case for reconsideration by the juvenile court, we need not decide the grandmother's contention that the juvenile court erred by terminating all court-ordered visitation and requiring any future contact between the grandmother and K.I.S. be within the discretion of the custodians.
Case remanded with direction.
SMITH, P.J., and MIKELL, J., concur.
NOTES
[1] The custodians argue the statements were properly admitted to show the child's state of mind. Pretermitting the validity of this argument, that position ignores that the issue for determination here was whether the grandmother's conduct during phone calls and visitation was causing the child's alleged mental distress, not just the child's state of mind.