## A09A1938. CATES v. JAMISON.

(687 SE2d 675)

BERNES, Judge.

In this dispute involving grandparent visitation rights, appellant Robert Christopher Cates contends that the trial court erred in granting visitation to Rhonda Jamison, his minor children's maternal grandmother, without including specific written findings of fact in support of its ruling pursuant to OCGA § 19-7-3 (c).[1] For the reasons that follow, we vacate the trial court's order and remand with direction.

On appeal from an order granting grandparent visitation, we "defer to the trial court's factfinding and affirm unless the evidence fails to satisfy the appellate standard of review." *Luke v. Luke*, 280 Ga. App. 607, 610 (1) (634 SE2d 439) (2006). The record shows that Cates and his wife, Shelley, had two minor children as a result of their marriage. Shelley Cates tragically died as a result of injuries sustained in a car accident, leaving Cates as the minor children's sole surviving parent.

In June 2008, Jamison filed a petition for grandparent visitation pursuant to OCGA § 19-7-3. Cates objected to the petition.

The trial court held a hearing in November 2008, during which it verbally granted Jamison's petition and set the parameters governing the grant of visitation, including a visitation schedule. The parties thereafter submitted to the trial court a draft order purporting to reflect its ruling from the bench. The trial judge made several handwritten modifications to the draft order which were then incorporated by the parties into a proposed final order and resubmitted to the trial court. The proposed final order was signed by the trial judge and filed nunc pro tunc to the date of the hearing.

Cates argues that the final order is statutorily deficient because it fails to include the mandatory findings of fact in support of the trial court's ruling ordering visitation. We agree.

The statutory provision authorizing grandparent visitation rights is OCGA § 19-7-3 (c), which states in part:

> [T]he court may grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted, and if the best interests of the child would be served by such visitation. *The court shall make specific*

---

[1] Because Jamison's petition for grandparent visitation was filed on July 16, 2008, the trial court's order granting the petition was directly appealable to this Court. See OCGA § 5-6-34 (a) (11); Ga. L. 2007, p. 569, § 8. See also *In the Interest of K. R.*, 285 Ga. 155, 156 (674 SE2d 288) (2009).

*written findings of fact in support of its rulings.* There shall be no presumption in favor of visitation by any grandparent.

(Emphasis supplied.) See also *Luke*, 280 Ga. App. at 610 (2); *Rainey v. Lange*, 261 Ga. App. 491, 491-492 (1) (583 SE2d 163) (2003). The legislative intent in enacting the statute was to give a grandparent standing to seek visitation in the unfortunate event that the grandparent's own child has lost his or her parental rights through termination or, as here, through death. *Smith v. Finstad*, 247 Ga. 603, 604 (277 SE2d 736) (1981). But the inclusion of specific written findings of fact supported by clear and convincing record evidence is mandatory to justify a grant of visitation. *Luke*, 280 Ga. App. at 610 (1).

Here, the trial court's final order failed to include the necessary findings of fact. See *In the Interest of K. I. S.*, 294 Ga. App. 295, 297 (1) (669 SE2d 207) (2008). Cf. *Grantham v. Grantham*, 269 Ga. 413, 414 (1) (499 SE2d 67) (1998); *In the Interest of S. P.*, 240 Ga. App. 827, 829 (2) (525 SE2d 403) (1999). Compare *Luke*, 280 Ga. App. at 610-611 (2). It follows that we must vacate the trial court's grant of visitation. See *In the Interest of K. I. S.*, 294 Ga. App. at 297 (1); *Rainey*, 261 Ga. App. at 491-492 (1). We do not agree, as argued by Jamison, that Cates consented to the substance of the order. The hearing transcript reflects that the contents of the final order were dictated by the trial court and Cates approved the order only as to form.

On remand, the trial court is directed to employ the clear and convincing evidence standard to determine whether the health or welfare of Jamison's grandchild would be harmed unless visitation to Jamison is granted, and whether the child's best interest would be served by such visitation.[2] See OCGA § 19-7-3 (c); *Rainey*, 261 Ga. App. at 492 (1).

*Judgment vacated and case remanded. Smith, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 7, 2009.

*Verne J. Edwards*, for appellant.

---

[2] Jamison further argues that the trial court erroneously presumed in favor of grandparent visitation in contravention of OCGA § 19-7-3 (c). It is not clear from the final order what presumptions the trial court may or may not have made. As discussed above, however, the correct standard to be applied is explicitly set forth in OCGA § 19-7-3 (c).