A10A0523. SRADER et al. v. MIDKIFF.

(693 SE2d 856)

JOHNSON, Presiding Judge.

Pamela and Dennis Srader filed a petition seeking custody of or visitation rights to their granddaughter, Megan Midkiff. Following a hearing, the trial court entered a judgment in favor of the child's father, Shawn Midkiff. The Sraders appeal, claiming that the trial court erred in denying their request for visitation rights without (i) properly considering the child's best interests, (ii) assigning the case to mediation, or (iii) making written findings of fact required by OCGA § 19-7-3 (c). The Sraders also allege the trial court erred in imposing sanctions pursuant to OCGA § 9-15-14 without providing them with notice and the opportunity to be heard. For the reasons described below, we affirm the trial court's denial of the Sraders' request for visitation rights, but we reverse the award of attorney fees and remand the case to the trial court for further proceedings on that issue.

The record shows that Megan was born on August 12, 2002 to Syble Srader and Shawn Midkiff, who were not married. Ms. Srader and Mr. Midkiff lived together with the child until approximately April 2003, and Mr. Midkiff filed a petition to legitimate the child in September 2003. In November 2003, the trial court granted the legitimation petition, provided that primary physical custody of the

child would remain with Ms. Srader, awarded visitation rights to Mr. Midkiff, and ordered him to pay child support.

From November 2003 until January 2008, Mr. Midkiff exercised his visitation rights with the child, keeping her on alternating weekends, and sharing custody on holidays and during the summers. During this time, Mr. Midkiff married, and he adopted his wife's three daughters.

On January 28, 2008, Ms. Srader died and Mr. Midkiff assumed full custody of their child. Ms. Srader's parents filed their petition seeking custody of or visitation rights to the child in June 2009, claiming that the child was suffering from "emotional, mental, verbal and physical abuse because [Mr. and Mrs. Midkiff] have prevented [them] from having any contact with . . . their grand-daughter."

At a hearing on July 17, 2009, Pamela Srader testified that since the death of her daughter, she has called her granddaughter every night and has sent her a card, letter, or package every week. Mr. Midkiff admitted that he and his wife had recently stopped accepting mail sent by the Sraders and that they had stopped answering the phone when the Sraders called. He testified that he did so because the Sraders refused to abide by his rules regarding contacting the child and because the attention that they gave to the child was interfering with his attempts to build a family and make things "equal" between his four daughters.

At the hearing, the trial court entered judgment for Mr. Midkiff, finding that nothing indicated Mr. Midkiff was "anything other than . . . father of the year" and that there was no evidence that the child was having any problems other than "some suspicion that she might need to talk to somebody" about her mother's death.

1. The Sraders claim that the trial court erred in issuing a final judgment denying their request for visitation rights without either receiving testimony from the child or appointing a guardian ad litem who could testify regarding the child's best interests. We disagree.

OCGA § 19-7-3 (c) provides that a trial court "*may* grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted, and if the best interests of the child would be served by such visitation."[1] In addition, OCGA § 19-7-3 (d) provides that the court "*may*" appoint a guardian ad litem for the minor child if it finds that the grandparents can bear the cost of such appointment without unreasonable financial hardship.

---

[1] (Emphasis supplied.)

While the Sraders claim that the trial court failed to consider their granddaughter's best interests, it heard testimony on that subject from the Sraders as well as from Mr. Midkiff. Moreover, both the grant of visitation rights to a grandparent and the appointment of a guardian ad litem are purely within the discretion of the trial court.[2] The trial court did not abuse its discretion in relying on the testimony of the parties to make its judgment or in choosing not to appoint a guardian ad litem.

2. The Sraders also claim that the trial court erred in failing to assign the issue of grandparent visitation rights to mediation. However, assignment of grandparent visitation cases to mediation is also within the discretion of the trial court.[3] OCGA § 19-7-3 (e) provides that when the trial court chooses not to order mediation, it shall fix a time for a hearing on the issue of grandparent visitation rights. Here, the trial court held a hearing on that issue on July 17, 2009, at which time it determined that the Sraders failed to show that the health or welfare of the child would be harmed unless such visitation was granted and that the best interests of the child would be served by such visitation. Given that evidence supported the trial court's finding, the court did not abuse its discretion in denying the Sraders' request for visitation rights.[4]

3. The Sraders allege that the trial court erred in failing to include findings of fact in its written order, as required by OCGA § 19-7-3 (c). Even if we agreed that the trial court's written order failed to include sufficient findings of fact, however, the record shows that the Sraders' trial counsel executed the order to show that she had approved it as to form. As a result, the Sraders have waived any claim that the form of the written order was insufficient.[5]

4. Finally, the Sraders claim that the trial court erred in ordering them to pay $3,000 in attorney fees pursuant to OCGA § 9-15-14 without providing them with notice and the opportunity to be heard. As parties opposing a claim for attorney fees, the Sraders had "a basic right to confront and challenge testimony as to the value and need for legal services."[6] Because the record does not show that the Sraders were afforded such an opportunity, the judgment awarding

---

[2] See *Sachs v. Walzer*, 242 Ga. 742 (251 SE2d 302) (1978).

[3] See OCGA § 19-7-3 (d) (2). Similarly, the standing order of the Coweta Judicial Circuit allows a trial court to waive its general requirement for mediation in child custody and visitation cases.

[4] See *Ryback v. Cobb County Dept. of Family &c. Svcs.*, 163 Ga. App. 165 (293 SE2d 563) (1982).See *Gant v. Gant*, 254 Ga. 239, 241 (3) (327 SE2d 723) (1985).

[6] (Citation and punctuation omitted.) *Glass v. Glover*, 241 Ga. App. 838, 839 (528 SE2d 262) (2000).

attorney fees in favor of Mr. Midkiff must be reversed and remanded for further proceedings on that issue.[7]

*Judgment affirmed in part and reversed in part, and case remanded with direction. Miller, C. J., and Phipps, J., concur.*

DECIDED MARCH 22, 2010 —
RECONSIDERATION DENIED APRIL 7, 2010.

*Gary P. Bunch*, for appellants.
*James J. Hopkins*, for appellee.