**THIRD DIVISION**
**ANDREWS, P. J.,**
**ELLINGTON, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 2, 2013**

# In the Court of Appeals of Georgia

A13A0048. VAN LEUVAN v. CARLISLE.

ELLINGTON, Presiding Judge.

In this appeal from a temporary visitation order, Kellie Van Leuvan, the mother of a minor child (hereinafter, "the mother"), challenges the Superior Court of Fulton County's order granting visitation rights to Connie Carlisle, the child's maternal grandmother ("the grandmother"). In its order, the trial court found that the grandmother had shown, pursuant to OCGA § 19-7-3 (c) (1), that the health and welfare of the child would be harmed unless visitation with the grandmother is allowed and that such visitation is in the child's best interest. The mother contends that the court erred in issuing the order without including specific, written findings of fact supporting its ruling and without showing that it applied the proper evidentiary standard in reaching its decision. She also contends that the court erred in considering

the testimony and report of the court-appointed guardian ad litem for the child during the visitation hearing, and that the court erred in issuing a temporary visitation order, arguing that the applicable statute does not authorize temporary orders. For the following reasons, we find no error as to the latter two contentions, but vacate the court's order and remand this case to the trial court with directions to issue a new written order that complies with OCGA § 19-7-3 (c) (1).

The grandmother's request for visitation is governed by OCGA § 19-7-3, which is

> commonly referred to as the "Grandparent Visitation Statute." In accordance with the statute, a grandparent may file an original action for visitation rights to a minor child when the parents are separated and the child is not living with both of the parents. The statute was enacted to provide a mechanism for courts to grant a grandparent visitation rights with his or her minor grandchild, where, as here, a child's parent objects. In this regard, the statute codified a standard for the trial courts to utilize in balancing the wishes of an alienated grandparent, the rights of the parents, and the interests of the child.

(Citations and punctuation omitted.) *Sheppard v. McCraney*, 317 Ga. App. 91, 92 (730 SE2d 721) (2012). The statute includes the following relevant provisions:

2

"Except as otherwise provided in paragraph (2) of this subsection,[1] any grandparent shall have the right to file an original action for visitation rights to a minor child[.]" OCGA § 19-7-3 (b) (1).

> Upon the filing of an original action . . . , the court may grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted and if the best interests of the child would be served by such visitation. In considering whether the health or welfare of the child would be harmed without such visitation, the court shall consider and may find that harm to the child is reasonably likely to result where, prior to the original action[,] . . . : (A) The minor child resided with the grandparent for six months or more; (B) The grandparent provided financial support for the basic needs of the child for at least one year; (C) There was an established pattern of regular visitation or child care by the grandparent with the child; or (D) Any other circumstance exists indicating that emotional or physical harm would be reasonably likely to result if such visitation is not granted.

OCGA § 19-7-3 (c) (1). This subsection also provides that "[t]he court shall make specific written findings of fact in support of its rulings." Id.

In addition, the statute provides that,

---

[1] OCGA § 19-7-3 (b) (2) provides that this provision "shall not authorize an original action [for grandparent visitation] where the parents of the minor child are not separated and the child is living with both parents."

3

[w]hile a parent's decision regarding grandparent visitation shall be given deference by the court, the parent's decision shall not be conclusive when failure to provide grandparent contact would result in emotional harm to the child. A court may presume that a child who is denied any contact with his or her grandparent or who is not provided some minimal opportunity for contact with his or her grandparent may suffer emotional injury that is harmful to such child's health. Such presumption shall be a rebuttable presumption.

OCGA § 19-7-3 (c) (3). "If the court finds that the grandparent or grandparents can bear the cost without unreasonable financial hardship, the court, at the sole expense of the petitioning grandparent or grandparents, may . . . [a]ppoint a guardian ad litem for the minor child[.]" OCGA § 19-7-3 (e) (1). "In the event that the court does not order mediation or upon failure of the parties to reach an agreement through mediation, the court shall fix a time for the hearing of the issue of visitation rights of the grandparent or grandparents." OCGA § 19-7-3 (f).

During such hearing, the grandparent seeking visitation bears the burden of presenting clear and convincing evidence showing that the child's health or welfare will be harmed unless such visitation is granted. *Rainey v. Lange*, 261 Ga. App. 491 (1) (583 SE2d 163) (2003); see *Sheppard v. McCraney*, 317 Ga. App. at 92 ("Due process requires that evidence supporting grandparent visitation meet the clear and

convincing standard of proof.") (citation omitted). Ultimately, the decision to grant or deny a grandparent's petition for visitation is within the discretion of the trial court, and the court's decision will be affirmed on appeal absent abuse of such discretion. *Srader v. Midkiff*, 303 Ga. App. 514, 516 (1) (693 SE2d 856) (2010).

1. The mother contends that the trial court erred in failing to include in its visitation order specific written findings of fact that support its decision to grant the grandmother's visitation petition, as required by OCGA § 19-7-3 (c) (1), and in failing to show that it employed a clear and convincing evidentiary standard in reaching that decision. She relies on *Rainey v. Lange*, in which the court's order granting the grandparent visitation stated that,

> [g]iven the allegations the parents have raised against each other (but without making a finding as to the truth or falsity of any of the allegations), the Court finds that enough issues have been raised that visitation with the maternal grandparents is in the child's best interests and will promote the child's well-being and avoid harm to the child's welfare, by way of providing a system of checks and balances.

(Punctuation omitted.) 261 Ga. App. at 492 (1). This Court ruled that "[t]his broad conclusory statement fail[ed] to set forth *specific* findings of fact supporting the trial court's grant of grandparent visitation which would enable this Court to conduct an

intelligent review of the merits of this case." (Citation and punctuation omitted.) Id. Because the order did not include the requisite findings of fact, this Court vacated the order and remanded the case for the trial court to employ a clear and convincing evidence standard and to enter written findings of fact that were supported by such evidence. Id. See also *Cates v. Jamison*, 301 Ga. App. 441, 442 (687 SE2d 675) (2009) ("[T]he inclusion of specific written findings of fact supported by clear and convincing record evidence is mandatory to justify a grant of visitation.") (citation omitted).[2]

---

[2] We note that the grandparent visitation statute's requirement that the trial court issue specific written findings of fact supported by clear and convincing evidence is an apparent anomaly among domestic relations statutes, given that the Georgia General Assembly has imposed no similar duty in contested divorce, alimony and custody actions, even in those cases that involve past acts of family violence. See, e.g., OCGA §§ 19-5-12 (form of final judgment and decree of divorce); 19-6-3 (allowing for temporary alimony awards); 19-6-5 (factors to be considered in determining the amount of permanent alimony); 19-6-14 (allowing for temporary child support awards); 19-9-7 (a) ("A judge may award visitation or parenting time to a parent who committed one or more acts involving family violence only if the judge finds that adequate provision for the safety of the child and the parent who is a victim of family violence can be made."); see also OCGA § 19-9-3 (a) (8) ("*If requested by any party on or before the close of evidence in a contested hearing*, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge [in determining the best interests of the child]. Such order shall set forth in detail why the court awarded custody in the manner set forth in the order[.]") (emphasis supplied); *Hunter v. Hunter*, 289 Ga. 9, 11-12 (5) (709 SE2d 263) (2011) (In a divorce proceeding, because a former spouse

6

In the temporary order at issue in the instant case, the trial court stated only that it had considered the entire record before concluding that the grandmother "has shown, pursuant to OCGA § 19-7-3 [ ], that the health and welfare of the minor child . . . would be harmed unless visitation is provided for her with her grandmother[.] . . . [and that] it [is] in said minor child's best interest to have such visitation." Thus, we must agree with the mother's contention that the trial court erred in failing to show that it applied the proper evidentiary standard and in failing to include written findings of fact to support its broad, conclusory ruling, as required by OCGA § 19-7-3 (c) (1). *Rainey v. Lange*, 261 Ga. App. at 492 (1).[3] Consequently, even though the

moved for findings of fact *after* entry of the judgment, the trial court had the discretion to grant the motion, but was not required to do so, under OCGA § 9-11-52 (c), which states that, "[u]pon motion made not later than 20 days after entry of judgment, *the court may make or amend its findings* or make additional findings and may amend the judgment accordingly.") (emphasis supplied); *Weickert v. Weickert*, 268 Ga. App. 624, 629 (2) (602 SE2d 337) (2004) (In a child custody modification action, the trial court was not required to include specific findings of fact in its written order because neither party requested that the court do so, as provided in OCGA § 9-11-52 (a), which states that "in all nonjury trials in courts of record, *the court shall upon request of any party made prior to such ruling*, find the facts specially and shall state separately its conclusions of law.") (emphasis supplied); *Bonds v. Bonds*, 241 Ga. App. 378 (1) (527 SE2d 215) (1999) (accord).

[3] Cf. *Luke v. Luke*, 280 Ga. App. 607, 611 (2) (634 SE2d 439) (2006) (The visitation award stated that it was based on the trial court's finding that "the strong, emotional bond between [the grandfather] and the said minor children is so well established that the emotional welfare and well being of the children would actually

mother did not ask the trial court to include findings of fact in its written order either before or after the court issued the order, and even though she failed to raise this issue in the court below, we are compelled to vacate the court's grant of visitation to the child's grandmother. *Cates v. Jamison*, 301 Ga. App. at 442; *Rainey v. Lange*, 261 Ga. App. at 492 (1).[4] On remand, the trial court is directed to determine whether the record contains sufficient clear and convincing evidence to support its ruling and, if so, to issue specific, written findings of fact to support such ruling, pursuant to the requirements of OCGA § 19-7-3 (c) (1). *Cates v. Jamison*, 301 Ga. App. at 442; *Rainey v. Lange*, 261 Ga. App. at 492 (1).

Even though we have vacated the court's order, we must address the mother's remaining enumerated errors, since those issues will still be relevant on remand when the court issues a new order.

---

suffer unless visitation with [the grandfather] is granted." The order also contained a statement showing that the trial court employed the clear and convincing evidentiary standard. Thus, the appellant failed to demonstrate that the visitation order was deficient.).

[4] Cf. *Srader v. Midkiff*, 303 Ga. App. at 516 (3) (Because the grandparents' attorney had expressly approved the form of the court's visitation order, they waived any claim on appeal that the court erred in failing to include findings of fact is its written order.).

2. The mother contends that the trial court abused its discretion in overruling her objection to the testimony and written report of the guardian ad litem ("GAL") whom it appointed to represent the child's interests, arguing that such evidence did not meet the requirements for the admission of evidence under former OCGA § 24-9-67.1 (b).[5] We conclude, however, that the mother waived any objections to the GAL's

[5] Former OCGA § 24-9-67.1 (b) provided that,

[i]f scientific, technical, or other specialized knowledge will assist the trier of fact in any [civil] cause of action to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion of otherwise, if: (1) The testimony is based upon sufficient facts or data which are or will be admitted into evidence at the hearing or trial; (2) The testimony is the product of reliable principles and methods; and (3) The witness has applied the principles and methods reliably to the facts of the case.

Former OCGA § 24-9-67.1 was in effect at the time of the May 2012 hearing, and it remained in effect until January 1, 2013, when a new evidence code, enacted by the General Assembly in 2011, became effective. See Ga. L. 2011, p. 99, §§ 2, 101. Pursuant to that legislative act, former OCGA § 24-9-67.1 (b) has essentially been reenacted as OCGA § 24-7-702 (b).

We note that, under both former OCGA § 24-9-67.1 (f) and current OCGA § 24-7-702 (f), the General Assembly has provided that, in interpreting and applying this provision, Georgia's courts may draw from certain opinions of the Supreme Court of the United States, including *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (113 SCt 2786, 125 LE2d 469) (1993).

9

qualifications as an expert witness or the admissibility of her testimony and written report by expressly consenting to the court's order appointing the attorney who served as the GAL in this case and specifically enumerating her powers and duties under USCR 24.9.

The record shows that, in the visitation petition, the grandmother asked the court to appoint a GAL to protect the child's best interests. In her response to the petition, the mother stated that her child did not need a GAL to protect her interests, but she also requested that, if the court appoints a GAL, the court should order the grandmother to bear all costs associated with such appointment. During subsequent negotiations, the mother abandoned her objection to the appointment of a GAL, stating that both parties' consent to the appointment was more "cost-effective" than litigating the need for such appointment and that she is "confident that the GAL's report will confirm that [her child was] not being harmed by not seeing [the grandmother]." The mother then consented in writing to the court's order appointing a specific attorney to serve as the GAL.[6]

---

[6] The order appointing the GAL provided, inter alia, that the GAL shall assist the court in reaching its decision on the visitation petition, shall have the "full right and authority to completely investigate all aspects of the case" by interviewing "all parties and other persons with an interest" in the issues presented and by inspecting the child's medical, educational, and other relevant records, shall be entitled to notice

10

During the GAL's investigation, she interviewed the mother, who provided information about her childhood, her relationship with her parents and former husband (the child's father), and her relationship with the child, as well as her reasons for terminating the grandmother's visits with the child. The mother also allowed the GAL to visit the child at their home, even leaving the GAL alone with the child for about 40 minutes, during which time the child spontaneously told the GAL that her mother would not let her see her grandmother anymore, and, when asked how that made her feel, she responded, "very sad."

The GAL subsequently requested that the grandmother and the mother submit to psychological evaluations (as the consent order authorized the GAL to do). The mother refused the request,[7] however, designating the request a "fishing expedition" for information that was irrelevant to the grandparent visitation proceedings.[8] Thus,

---

of and the right to participate in all hearings and other proceedings concerning the child, and shall be allowed to discuss the case with the parties' attorneys, either jointly or individually.

[7] The grandmother submitted to a psychological evaluation, and the GAL spoke with the psychologist and summarized the results of that evaluation in her written report.

[8] The grandmother then filed a motion asking the court to order the mother to submit to psychological testing, per the GAL's recommendations, but the court denied the motion.

11

to the extent the mother suggests that the GAL was unqualified to testify as an expert witness on certain issues because she is not a psychologist, psychiatrist, or licensed clinical social worker, the mother clearly undermined the GAL's attempts to obtain the expert opinions and recommendations of a psychologist for the court to consider.

Moreover, even though the mother filed an objection to the GAL's qualifications as an expert witness on the day of the visitation hearing, such objections appear to be untimely. The record shows that the mother did not file a motion in limine to exclude the GAL's testimony, did not challenge the GAL's qualifications in her trial questionnaire, and did not request a pretrial hearing on the GAL's qualifications, per former OCGA § 24-9-67.1 (d), which stated that,

> *[u]pon motion of a party*, the court may hold a pretrial hearing to determine whether the witness qualifies as an expert and whether the expert's testimony satisfies the requirements of subsections (a) and (b) of this Code section. Such hearing and ruling *shall be completed no later than the final pretrial conference* contemplated under Code Section 9-11-16.

(Emphasis supplied.) See *Ambling Management Co. v. Purdy*, 283 Ga. App. 21, 27 (2) (640 SE2d 620) (2006) (On the last working day before trial, the appellant filed a motion to exclude expert witness opinions on the ground that they failed to satisfy

12

the requirements of OCGA § 24-9-67.1 (b). This Court held that the challenge was untimely under OCGA § 24-9-67.1 (d).).

Consequently, under these circumstances, we conclude that the mother waived her objections to the admissibility of the GAL's expert testimony and written report.

3. The mother also argues that OCGA § 19-7-3 does not expressly authorize the trial court to issue a "temporary" order granting visitation to the grandmother, so, in granting such relief, the trial court ignored the rules of statutory construction, impermissibly expanded the scope of the statute, and improperly altered the status quo between the parties. We disagree.

Although OCGA § 19-7-3 neither expressly allows nor prohibits temporary visitation orders, the term "custody," as used in Georgia's domestic relations provisions, encompasses visitation rights,[9] and Georgia's child custody statutes expressly allow trial courts to issue temporary orders. For example, OCGA § 19-9-3 (a) (1) and (a) (6) authorize courts to enter temporary orders in custody proceedings, while subsection (e) authorizes courts to enter temporary orders in actions to modify custody. Further, OCGA § 19-9-41 (3) defines a "child custody determination" as "a judgment, decree, or other order of a court providing for the legal custody, physical

[9] OCGA § 19-9-22 (1).

13

custody, or *visitation* with respect to a child," and states that the term "includes a permanent, *temporary*, initial, and modification order."[10] (Emphasis supplied.)

Consequently, we find that the trial court was authorized to issue a temporary grandparent visitation order in this case.

*Judgment vacated and case remanded with direction. Andrews, P. J., concurs. Dillard, J., concurs in the judgment only.*

---

[10] See also OCGA § 19-6-14 (authorizing the court to award temporary child support while a divorce action is pending).