## 75821. HILL et al. v. LOREN.
(369 SE2d 260)

POPE, Judge.

This case involves a dispute regarding the guardianship of two minor children now residing in Florida. The appeal is taken from the judgment of the superior court on de novo review of an order of the probate court.

In April 1977 the mother of the two minors, appellee Judith Nicole Loren (then Judith H. Rotenberry), informed her brother, appellant Clyde J. Hill, Sr., that she was unable to care for her children due to financial, physical and emotional problems. Hill immediately drove to Florida and brought the children back to Georgia to live with him and his wife. Prior to returning to Georgia, he obtained from his sister a sworn statement entitled "Affidavit and Consent for Temporary Custody," in which Loren voluntarily consented to Hill and his wife "having temporary custody of the minor children" and consented to their seeking an order granting temporary custody from a court of competent jurisdiction. In return, Hill and his wife executed an affidavit accepting temporary custody in which they agreed voluntarily to relinquish custody back to the natural mother upon her regaining

her ability to care for the children. The record shows the minors resided with Hill only from April until June 1977, when Loren picked up her children and returned with them to Florida. During the two months the children resided with him, Hill obtained an order from the probate court appointing him guardian of the person and property of the two minor children.

In 1985 Loren was convicted of the murder of her husband, the step-father of her children. All parties to the current action believe the two minor children may be entitled to substantial proceeds from a policy of insurance on the life of their deceased step-father. Thus, the issue of who is the legal guardian of the children is of utmost importance in determining who has the legal right to bring a claim for insurance proceeds on behalf of the children. Loren filed a petition in the probate court for the removal of Hill as guardian, which was denied. The probate court also issued an order granting approval of a contingency fee contract between Hill and his attorneys for the bringing of a claim, in his capacity as legal guardian, for insurance benefits on behalf of his wards. On de novo review, the superior court found the probate court lacked jurisdiction over the matter and granted summary judgment to the mother, Loren. Hill appeals.

1. From the record, it appears uncontested that one of the minor children involved in this case was born out of wedlock and is, therefore, illegitimate. The mother of an illegitimate child is its natural guardian by operation of law. *Whitlock v. Barrett*, 158 Ga. App. 100 (279 SE2d 244) (1981). As to the other child involved in this case, at the time the original award of guardianship was granted in 1977, the mother was in custody of the child after divorce from the father. "If . . . the parents are legally separated or divorced, the parent having custody of the child is the natural guardian." OCGA § 29-4-2 (a). Therefore, at the time guardianship was awarded to Hill in 1977, Loren was the natural guardian of both children.

"The probate court has no authority to appoint another as guardian of the person of a child with a living natural guardian unless the loss of that status has been ascertained and declared in some regular proceeding authorized by law, after due notice is given." (Punctuation and cit. omitted.) *Whitlock v. Barrett*, 158 Ga. App. at 102. Appellant Hill argues the appointment of guardianship was proper because the mother, the natural guardian of the two minor children, had voluntarily waived her parental rights and consented to the award of guardianship by sworn affidavit. However, the affidavit clearly conferred only temporary custody to Hill, and made no reference to permanent guardianship. Even though the affidavit purported to vest Hill "with all of the legal rights and responsibilities that your affiant is possessed with as natural mother and primary custodian," when read in its entirety, the document can only be interpreted as granting those rights

on a temporary basis for the purpose of transferring temporary custody of the children to Hill. The intent of the document was further supported by the testimony of Loren at the hearing on her petition for removal of guardianship and by the acts of Hill himself, who surrendered custody of the children to Loren only two months after the affidavit was executed and who assumed no further custody of the children again in the intervening ten years. Parental rights are not relinquished by an agreement granting mere custody. See *Land v. Wrobel*, 200 Ga. 260 (138 SE2d 315) (1964). Therefore, we affirm the trial court's finding that the probate court lacked jurisdiction to grant guardianship to Hill and that its order awarding guardianship in 1977 was void ab initio. We reject appellant's argument that the mother's challenge to the award of guardianship was untimely made. "A judgment void because of lack of jurisdiction of the person or subject matter may be attacked at any time." OCGA § 9-11-60 (f).

2. The record shows the minor children involved in this action and their mother all reside in the state of Florida. Therefore, jurisdiction over the issue of guardianship over the person or property of the children is properly with the courts of the State of Florida. Accordingly, the Georgia probate court was without jurisdiction to approve the attorney fee contract for the bringing of the insurance claim on behalf of the minor children. The interested parties must pursue all matters concerning guardianship in the proper jurisdiction.

3. Appellant Hill argues the court erred in permitting appellee Loren to file an untimely brief in response to Hill's motion for summary judgment. The evidence relied upon by Hill, consisting of the record and transcript of the probate court hearing, was insufficient to support his motion for summary judgment. Therefore, regardless of the timeliness of appellee Loren's brief in response to the motion for summary judgment, Hill was not entitled to summary judgment pursuant to OCGA § 9-11-56 (e).

4. We find the superior court did not err in denying appellant Hill's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED MAY 6, 1988 —

*William D. Cunningham,* for appellants.
*W. Ralph Hill, Jr.,* for appellee.