## A89A1443. BROWN v. KING.
(388 SE2d 400)

BEASLEY, Judge.

This appeal is from a decision by the probate court in a dispute regarding the guardianship of a minor child. Brown is the natural mother of an illegitimate three-and-a-half year old son. At the time of the birth in January 1986, Brown was fifteen. The child suffered from illnesses which required medical care and Brown had difficulty in car-

ing for him. The child was placed in a foster home until King, the mother of a man who claimed to be the child's natural father, permitted Brown and the child to reside in her home. King's son was not named on the child's birth certificate and he had not legitimated the child. After a couple of weeks, Brown moved from King's home, but the child stayed for approximately three or four months.

In April 1988, Brown took the child to King's place of employment, told King that in her present circumstances Brown could not care for the child anymore, and asked King if she would resume care and physical custody of the child. King agreed on the condition that Brown obtain legal custody for King.

Brown went to the probate court and had prepared a petition for letters of guardianship for the child's person in favor of King. Although Brown was only seventeen, no guardian ad litem was involved and Brown signed a consent to the guardianship. The letters of guardianship for the boy in favor of King issued in April.

Problems developed between Brown and King regarding the child and in February 1989, Brown filed a "Motion to Dissolve Temporary Guardianship," alleging, *inter alia*, that she had executed the consent to the guardianship under duress and without the advice of counsel or knowledge of her parents, and that the information sworn to in the petition for guardianship was false and incorrect, namely that King's son was not the father of the child. At the hearing on the motion before the probate court, King took the position that the matter was before the court as a petition to change custody and thus the probate court had jurisdiction to "make the ultimate determination as to what is in the best interest of the child." Over Brown's objection that the hearing should be limited to the issue of her right to dissolve what she contended was the temporary guardianship of her child, King was permitted to present evidence about Brown's history and inability to care for the child.

The probate court denied Brown's motion to dissolve the guardianship, finding that Brown had intelligently made the decision to consent to it, assisted and promoted it from its inception, and that it was then in the child's best interest that the guardianship be continued.

Brown appeals contending that the probate court erred in not dissolving the guardianship under OCGA § 29-4-4.1, in exceeding its jurisdiction under OCGA § 15-9-30 (a) (6), in applying the "best interest of the child test" in a custody contest between a natural parent and a third party, and in awarding custody to a third party absent clear and convincing evidence of her present unfitness.

Probate courts have limited subject matter jurisdiction even in the area of guardianship. In a controversy as to the right of guardianship, the probate court is not an appropriate court to take action

under OCGA § 19-7-4, which provides for the loss of parental custody. OCGA § 15-9-30 (a) (6). The probate court was without legal authority to make any determination under OCGA § 19-7-4 regarding Brown's loss of legal custody of her child in favor of a third party. Consequently, whether the court employed the legal standards in reaching its judgment is irrelevant.

The mother of an illegitimate child is its natural guardian with the prima facie right to custody. OCGA § 29-4-2; *Whitlock v. Barrett*, 158 Ga. App. 100, 101 (4) (279 SE2d 244) (1981). " 'The probate court has no authority to appoint another as guardian of the person of a child with a living natural guardian unless the loss of that status has been ascertained and declared in some regular proceeding authorized by law, after due notice is given.' [Cits.]" *Hill v. Loren*, 187 Ga. App. 71, 72 (1) (369 SE2d 260) (1988).

There had been no legal proceeding or determination to divest Brown of the natural guardianship of her son prior to the issuance of the letters of guardianship in favor of King. King asserts that the probate court had authority to appoint her as the child's permanent guardian because Brown voluntarily relinquished or forfeited her parental rights. Assuming without deciding the voluntariness of the petition for the guardianship despite Brown's minority and lack of representation, and accepting King's version of the exchanges and understanding with Brown regarding the child, Brown at most agreed to King's indefinite custody of the boy. "Parental rights are not relinquished by an agreement granting mere custody. [Cit.]" Id. at 73 (1).

Accepting the validity of the initial petition for guardianship, the probate court only had authority to appoint King as a temporary guardian for Brown's child. OCGA § 29-4-4.1 (a) (1). Therefore, the guardianship as a permanent one was void. *Hill*, supra at 73 (1). As to the temporary guardianship, Brown as natural guardian had the right to apply to the probate court for its dissolution, and the probate court was bound to oblige and to remove King as the temporary guardian of Brown's child. OCGA § 29-4-4.1 (c).

The probate court erred in refusing to dissolve the guardianship upon request of the natural guardian. Accordingly, the order continuing the third-party guardianship is reversed. See *Whitlock*, supra at 104 (4).

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 13, 1989.

*Willie Lockette*, for appellant.

*C. B. King & Associates, Chevene B. King, Jr.*, for appellee.