**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**July 18, 2012**

# In the Court of Appeals of Georgia

A12A0933. SHEPPARD v. MCCRANEY et al.

MILLER, Judge.

In this dispute involving grandparent visitation rights, appellant Darryl E. Sheppard contends that the trial court erred in failing to grant his request for visitation with his minor grandson, and erred in failing to make specific findings of fact in deciding the visitation issue. Since the trial court failed to rule upon the visitation issue under OCGA § 19-7-3 (c), we remand this case with direction.

The undisputed facts reflect that the child, C. T., was born to the mother, Ashton Sheppard, and the father, Wayne Tisdale, in November 2005. Both parents had unresolved problems with drug abuse, probation violations, and incarcerations.[1]

---

[1] The child's father was incarcerated at the time of the proceedings and did not appear at the hearing.

In July 2007, the paternal grandparents were awarded temporary guardianship of the child, and assumed responsibility for the child's care. Sheppard, the maternal grandfather, claimed that although he had participated as the child's caregiver and had formed a strong familial bond with the child, he was being denied visitation with the child.

Sheppard filed a verified petition against the mother and the paternal grandparents, seeking custody of the child and, alternatively, grandparent visitation with the child. At the hearing conducted on the matter, Sheppard expressly abandoned his custody request, electing instead to pursue his request for grandparent visitation. The mother and paternal grandmother testified and objected to Sheppard's visitation request. Following the hearing, the trial court entered an order dismissing Sheppard's custody request.[2] The trial court's order did not address Sheppard's request for visitation.

Sheppard's request for grandparent visitation is governed by OCGA § 19-7-3, commonly referred to as "The Grandparent Visitation Statute." See *Luke v. Luke*, 280 Ga. App. 607 (634 SE2d 439) (2006). In accordance with the statute, a grandparent

---

[2] This appeal does not involve the propriety of the trial court's decision on the custody issue, which Sheppard abandoned at the hearing. Rather, Sheppard's appellate claims focus upon his alternative request for grandparent visitation.

may file an original action for visitation rights to a minor child when the parents are separated and the child is not living with both of the parents. See OCGA § 19-7-3 (b). The statute "was enacted to provide a mechanism for courts to grant a grandparent visitation rights with his or her minor grandchild, where, as here, a child's parent objects." (Punctuation and footnote omitted.) *Luke*, supra, 280 Ga. App. at 611 (3). In this regard, "[t]he statute codified a standard for the trial courts to utilize in balancing the wishes of an alienated grandparent, the rights of the parents, and the interests of the child." (Citation and punctuation omitted.) *Perrin v. Stansell*, 243 Ga. App. 475, 476-477 (1) (a) (533 SE2d 458) (2000). The standard, set forth in OCGA § 19-7-3 (c), provides that

> [u]pon the [grandparent's] filing of an original action . . . the court may grant any grandparent of the child reasonable visitation rights if the court finds the health or welfare of the child would be harmed unless such visitation is granted, and if the best interests of the child would be served by such visitation. The court shall make specific written findings of fact in support of its rulings.

(Punctuation omitted.) Due process requires that evidence supporting grandparent visitation meet the clear and convincing standard of proof. See *Luke*, supra, 280 Ga. App. at 609 (1).

3

In this case, Sheppard filed his request for grandparent visitation against the child's mother, as well as the paternal grandparents who had temporary guardianship of the child.[3] Notably, the mother appeared at the hearing and objected to Sheppard's request. To resolve the matter, the trial court was required to apply OCGA § 19-7-3 (c) and determine whether Sheppard had presented clear and convincing evidence that the health or welfare of the child would be harmed unless visitation was granted, and whether the child's best interests would be served by allowing such visitation. See *Cates v. Jamison*, 301 Ga. App. 441, 441-442 (687 SE2d 675) (2009); *Luke*, supra, 280 Ga. App. at 609-610 (1). The trial court, however, failed to issue a ruling as to the visitation issue in this case. Consequently, we must remand the case to the trial court for the entry of an order, with specific written findings of fact, that rules upon the visitation issue in accordance with the standard set forth in OCGA § 19-7-3 (c).

---

[3] The award of temporary guardianship and custody of the child to the paternal grandparents did not terminate the natural parents' rights or confer permanent guardianship or custody. See *Hill v. Loren*, 187 Ga. App. 71, 72-73 (1) (369 SE2d 260) (1988) (parental rights are not relinquished by an agreement granting temporary custody or guardianship); *Hays v. Jeng*, 184 Ga. App. 157, 158-159 (360 SE2d 913) (1987) (temporary guardianship may be dissolved and does not amount to a permanent relinquishment of parental rights). As such, the mother was a proper party to Sheppard's action and her objection to his request for visitation was pertinent to the claim under OCGA § 19-7-3.

4

See *Cates*, supra, 301 Ga. App. at 442; *Rainey v. Lange*, 261 Ga. App. 491, 491-492 (1) (583 SE2d 163) (2003).

*Judgment vacated in part and case remanded. Mikell, P. J., and Blackwell, J., concur.*