**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**May 23, 2013**

# In the Court of Appeals of Georgia

A13A0069. ESASKY, et al. v. FORD.

RAY, Judge.

Nicholas and Jimita Esasky appeal from a final decree of adoption awarding them parental rights to Nicholas Esasky's biological granddaughter, S. S., and also awarding visitation to the child's biological grandmother, Vicki Ford. The Esaskys contend, inter alia, that the trial court failed to rely upon clear and convincing evidence in determining its grant of visitation. Ford did not file an appellate brief in this action. Because the trial court erred by failing to make specific written findings

of fact pursuant to OCGA § 19-7-3,[1] we vacate the portion of the trial court's order related to visitation and other contact rights, and remand this case with direction.

In a single order on January 6, 2012, the trial court terminated the parental rights of S. S.'s biological mother and father and granted the Esaskys' petition to adopt S. S. Also, over the Esaskys' objections, the trial court granted visitation rights to Ford, who had intervened in the adoption action to seek visitation.

> On appeal from an order granting grandparent visitation, we view the evidence in the light most favorable to the trial court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the mandated visitation was authorized. We do not weigh the evidence or determine witness credibility, but defer to the trial court's factfinding and affirm unless the evidence fails to satisfy the appellate standard of review.

---

[1] OCGA § 19-7-3 was amended effective May 1, 2012, after the date of the trial court's order. Laws 2012, Act 702, § 1. Because we have held that amendments to the grandparent visitation statute apply retroactively, we analyze the instant case under this current version of the law. *Ryback v. Cobb County Dept. of Family & Children Svcs.*, 163 Ga. App. 165, 165 (293 SE2d 563) (1982) ("The provisions of this statute granting visitation rights to grandparents are retroactive") (citation omitted); *Houston v. Houston*, 156 Ga. App. 47, 48 (274 SE2d 91) (1980) (giving retroactive application to OCGA § 19-7-3 and holding that no person has a vested right in the custody of a minor child, therefore "[a] reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review") (citations and punctuation omitted).

2

(Footnotes omitted). *Luke v. Luke*, 280 Ga. App. 607, 609-610 (1) (634 SE2d 439) (2006).

"Generally, the adoption of a minor child extinguishes any visitation rights of the child's former grandparents – OCGA § 19-8-19 (a) (1) provides that a decree of adoption has the effect of severing all former relationships of the adopted child." *Hudgins v. Harding*, 313 Ga. App. 613, 614 (722 SE2d 355) (2012). However, OCGA § 19-7-3 (b) (1) provides a limited exception to this rule where, as here, the child has been adopted by a blood relative. OCGA § 19-7-3 (c) (1) provides that

> the court may grant any grandparent of the child reasonable visitation rights *if the court finds the health or welfare of the child would be harmed unless such visitation is granted and if the best interests of the child would be served by such visitation.* In considering whether the health or welfare of the child would be harmed without such visitation, the court *shall consider* and may find that harm to the child is reasonably likely to result where, prior to the original action or intervention: (A) The minor child resided with the grandparent for six months or more; (B) The grandparent provided financial support for the basic needs of the child for at least one year; (C) There was an established pattern of regular visitation or child care by the grandparent with the child; or (D) Any other circumstance exists indicating that emotional or physical harm would be reasonably likely to result if such visitation is not granted.

*The court shall make specific written findings of fact in support of its rulings.* (Emphasis supplied.)

"Due process requires that evidence supporting grandparent visitation meet the clear and convincing standard of proof." (Citation omitted.) *Sheppard v. McCraney*, 317 Ga. App. 91, 92 (730 SE2d 721) (2012).

Here, no evidence was presented related to OCGA § 19-7-3 (c) (1) (A), (B), or (D) as to whether S. S. had resided with Ford for six months or more, whether Ford had provided financial support for S. S. for a year or more, or as to any other circumstance indicating physical or emotional harm to S. S. would be reasonably likely if visitation were not granted. The testimony presented as to OCGA § 19-7-3 (c) (1) (C) regarding whether Ford had an "established pattern of regular visitation or child care" of S. S. showed steadily diminishing visitation periods between 2009 and 2011 as a result of court orders modifying Ford's visitation for a variety of reasons, and ultimately instituting supervised visitation after S. S.'s therapist filed a report with the Cobb County Crimes Against Children Unit related to allegations that Ford bruised S. S. and pulled out one of her teeth, causing her to bleed. No evidence was adduced as to the outcome of this investigation.

To resolve the issue of visitation, the trial court was required to apply OCGA § 19-7-3 (c) in its determination of whether Ford had presented clear and convincing evidence that the child's health or welfare would be harmed unless visitation was granted, and whether such visitation was in the child's best interests. "[T]he inclusion of specific written findings of fact supported by clear and convincing record evidence is mandatory to justify a grant of visitation." (Citation omitted.) *Cates v. Jamison*, 301 Ga. App. 441, 442 (687 SE2d 675) (2009).

Because the trial court did not make specific written findings of fact on these issues as required by OCGA § 19-7-3 (c) (1), we vacate the portion of the trial court's order related to Ford's grandparent visitation and other rights of contact with the child, and remand the case to the trial court for entry of an order consistent with the requirements of OCGA § 19-7-3 (c) (1). *Sheppard*, supra at 92.

*Judgment vacated in part and case remanded. Barnes, P. J., and Miller, J., concur.*