**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0129. BARFIELD v. BUTTERWORTH.

MILLER, Judge.

This appeal arises from a child custody action involving the competing interests of a child's grandmothers. Juanita Barfield, the paternal grandmother, moved to dismiss the petition for custody Dana Butterworth, the child's maternal grandmother, filed in the Superior Court of Baldwin County, arguing that the superior court lacked subject matter jurisdiction to dissolve letters of temporary guardianship over the child she obtained from the Probate Court of Putnam County after Butterworth commenced this action. The trial court denied Barfield's motion and issued a certificate of immediate review. This Court granted Barfield's application for interlocutory appeal, and Barfield now appeals, arguing that the probate court has exclusive jurisdiction over the appointment and removal of guardians. Concluding that Barfield's temporary guardianship does not deprive the superior court of subject matter jurisdiction to determine whether permanent custody should be awarded to Butterworth, we affirm.

The superior court's decision regarding its subject matter jurisdiction was based on an application of law to undisputed facts, and we therefore apply a de novo standard of review. *Snyder v. Carter*, 276 Ga. App. 426 (623 SE2d 241) (2005).

The record shows that on April 13, 2012, Butterworth filed a verified petition for custody in the superior court against the mother and father of H. H., a female child born March 31, 2010, and the petition was served on the parents on April 18, 2012. On May 30, 2012, Barfield filed a motion to intervene as of right, arguing that she had an interest in the case by virtue of letters of temporary guardianship the probate court issued to her on April 25, 2012.[1] On June 29, 2012, the superior court granted Barfield's motion to intervene. At a hearing that same day, Barfield moved to dismiss Butterworth's petition for custody for lack of subject matter jurisdiction. The trial court denied Barfield's motion.

1. "This Court has a duty to inquire into its jurisdiction to entertain each appeal." (Citation omitted.) *Hammonds v. Parks*, 319 Ga. App. 792, 793 (2) (735 SE2d 801) (2012). At the time we granted Barfield's application for interlocutory appeal, OCGA § 5-6-34 (a) (11), provided a right of direct appeal from "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." In the order granting Barfield's application, we stated that

---

[1] The letters of temporary guardianship are not part of the trial court record. The record reflects that Butterworth's attorney attempted to subpoena records from the probate court and that, in response, one of the probate judges filed a motion to quash the subpoena. The record does not include a ruling on this motion.

if the order that is the subject of an application for interlocutory appeal is subject to direct appeal, we will grant the application as a matter of course. See *Spivey v. Hembree*, 268 Ga. App. 485, 486 n.1 (602 SE2d 246) (2004). We expressed uncertainty, however, as to whether the General Assembly intended OCGA § 5-6-34 (a) (11), to provide a right of direct appeal as to routine pretrial orders that do not actually implicate custody. Accordingly, we directed the parties to address this issue in their briefs.

The jurisdictional issue we asked the parties to address is now moot because, as discussed in *Murphy v. Murphy*, Case No. A13A0206, 2013 Ga. App. LEXIS 620, at *2 (July 12, 2013), the General Assembly has amended OCGA § 5-6-34 (a) (11), effective May 6, 2013, and the subsection, as amended, provides that a party may file a direct appeal from "[a]ll judgments or orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." SB 204 §§ 1, 2 (2013). Since the statute as amended "governs only procedure of the courts, . . . it is to be given retroactive effect absent an expressed contrary intention." (Citations omitted.) *Polito v. Holland*, 258 Ga. 54, 55 (2) (365 SE2d 273) (1988); *Murphy*, supra, 2013 Ga. App. LEXIS 620, at *3. Since the trial court's order is not an order "awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt" of such an order, it is not subject to direct appeal. Having granted Barfield's application for interlocutory appeal, however, we exercise our discretion to retain the appeal and review this case on the merits.

2. In her sole enumeration of error, Barfield contends that the trial court lacks subject matter jurisdiction over Butterworth's petition for custody because the petition encroaches upon

3

the probate court's "original, exclusive, and general jurisdiction of . . . [t]he appointment and removal of guardians of minors[.]" OCGA § 15-9-30 (a) (5). We disagree.

The custody dispute below falls within the broad original jurisdiction the Georgia Constitution confers upon superior courts. The Constitution provides that "[t]he superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution." 1983 Ga. Const., Art. VI, Sec. IV, Par. 1; see also *Ertter v. Dunbar*, 292 Ga. 103, 104 (734 SE2d 403) (2012). Superior courts have "original jurisdiction over contests for permanent child custody in the nature of a habeas corpus between parents, *parents and third parties*, or between parties who are not parents." (Citations and punctuation omitted; emphasis supplied.) *Stone-Crosby*, supra, 318 Ga. App. at 314 (1); see also *Foltz v. Foltz*, 238 Ga. 193 (1) (232 SE2d 66) (1977) ("[T]he superior courts of this state have subject matter jurisdiction over issues of child custody.") (citations omitted). Butterworth's petition seeks an award of permanent custody of H. H. and names H. H.'s parents as defendants. Since the petition involves the custody of a child between her parents and a third party, the superior court had jurisdiction in this case.[2]

---

[2] We note that the scope of the respective jurisdictions of superior courts, probate courts, and juvenile courts in matters involving the custody and welfare of children has become an issue frequently litigated before this Court. See *Alizota v. Stanfield*, 319 Ga. App. 256, 259 (734 SE2d 497) (2012) (Boggs, J., concurring specially) (noting "what appears to be a trend of increasing litigation regarding the application of concurrent jurisdiction between juvenile and superior courts."); see also *Stone-Crosby v. Mickens-Cook*, 318 Ga. App. 313 (733 SE2d 842) (2012); *McFalls v. Onsager*, 316 Ga. App. 190 (728 SE2d 820) (2012); *Zinkhan v. Bruce*, 305 Ga. App. 510 (699 SE2d 833) (2011). Given the utmost importance of cases involving the interests of our children and the apparent increase in litigation over

Butterworth's petition implicates OCGA § 19-7-1 (b.1), which addresses custody disputes between one or both parents and specific third parties. *Galtieri v. O'Dell*, 295 Ga. App. 797, 798 (673 SE2d 300) (2009) ("Custody disputes between a biological parent and a third-party relative, in this case a maternal grandmother, are directly controlled by OCGA § 19-7-1 (b.1)"). A third party seeking custody of a child under OCGA § 19-7-1 (b.1), must prove by clear and convincing evidence that the child would suffer physical or emotional harm if custody were awarded to the biological parent, and once this showing is made, must demonstrate that an award of custody to the third party would best promote the child's welfare and happiness. *Harris v. Snelgrove*, 290 Ga. 181, 182-183 (2) (718 SE2d 300) (2011); *Clark v. Wade*, 273 Ga. 587, 599 (V) (544 SE2d 99) (2001).

Barfield obtained an interest in and became a party to these proceedings only because she procured, with the consent of the parents, letters of temporary guardianship from the probate court after Butterworth filed her petition for custody. To the extent that, due to the letters of temporary guardianship Barfield obtained, these custody proceedings now involve a custody dispute as between non-parents, Butterworth and Barfield, the superior court's custody determination must be made according to the best interest of H. H. *Stills v. Johnson*, 272 Ga.

---

subject matter jurisdiction, "the General Assembly may desire to provide the bench and bar with additional guidance on the appropriate limits and application of each court's concurrent [and exclusive] jurisdiction." *Alizota*, supra, 319 Ga. App. at 259 (Boggs, J., concurring specially).

645, 649 (2) (533 SE2d 695) (2000) (holding that "where neither party seeking custody is a parent as defined by Georgia law, a determination of custody is to be made according to the best interest of the child even where there exists an agreement by which a parent of the child has transferred parental power to one of the parties seeking custody.") (footnote omitted); *McFalls*, supra, 316 Ga. App. at 191 (applying best interest of child standard in custody dispute between child's paternal great uncle, who was appointed temporary guardian by probate court, and her maternal great aunt and uncle).

As Barfield maintains, "the right to custody of the child is . . . the principal attribute of guardianship of the person." (Citation and punctuation omitted.) *Boddie v. Daniels*, 288 Ga. 143, 144 (702 SE2d 172) (2010); see also OCGA § 29-2-22 (a) (1) (appointment of guardian vests in guardian the exclusive power, without court order, to "[t]ake custody of the person of the minor and establish the minor's place of dwelling within this state"). What Barfield fails to acknowledge, however, is that the probate court did not, and under the circumstances of this case, could not purport to decide the issue of permanent custody by appointing a permanent guardian. A permanent guardian may not be appointed where, as here, a child has a natural guardian.[3] See OCGA § 29-2-14; *Brown v. King*, 193 Ga. App. 495, 497 (388 SE2d 400) (1989). Here, the

---

[3] OCGA § 29-2-3 (b) provides:

Except as otherwise provided in this chapter, each parent shall be the natural guardian of any minor child of the parent, except that, if the parents are divorced and one parent has sole custody of the minor, that parent is the sole natural guardian of that minor. If the parents have joint legal custody, both parents are the natural guardians of that minor.

6

probate court awarded Barfield only a temporary guardianship, which neither terminates parental rights nor confers permanent custody. See *Sheppard v. McCraney*, 317 Ga. App. 91, 92 n.3 (730 SE2d 721) (2012). A temporary guardianship is "intended to encourage parents experiencing difficulties to *temporarily* turn over the custody and care of children – safe in the knowledge that they will be able to regain custody [from the temporary guardian] in the future." (Emphasis supplied.) *Boddie*, supra, 288 Ga. at 146. Thus, parents exercise significant authority over the establishment and termination of a temporary guardianship. For example, where, as apparently occurred here, a petition for temporary guardianship attaches notarized consents from the sole or both parents, the probate court "shall grant the petition without further notice or hearing." OCGA § 29-2-6 (a).[4]

A decision by a child's parents to utilize a temporary guardianship, however, does not foreclose the filing of a petition for permanent custody much less serve as a tool to dismiss ongoing custody proceedings. See *McFalls*, supra, 316 Ga. App. at 190-192 (affirming award of custody to child's maternal great aunt and uncle rather than paternal great uncle, who was appointed temporary guardian by probate court before petition for custody was filed). Given that the ultimate issue before the superior court is the permanent rather than temporary custody of H. H., and resolution of this issue turns on the correct application of OCGA § 19-7-1 (b.1) and/or

---

[4] See also OCGA § 29-2-6 (d) (temporary guardianship cannot be established over objection of natural guardian); OCGA § 29-2-8 (b) (if natural guardian petitions for termination of the temporary guardianship and the temporary guardian does not object, "the court shall order the termination of the temporary guardianship.").

7

the best interest of H. H., see supra, rather than primarily the wishes of the parents, the letters of temporary guardianship have no impact on the superior court's jurisdiction to entertain the petition for custody. Should the superior court ultimately award Butterworth permanent custody of H.H., the superior court's order would have "the effect of terminating the temporary guardianship." *McFalls*, supra, 316 Ga. App. at 192 n.1. In other words, an award of permanent custody would necessarily supersede a temporary guardianship.

Contrary to Barfield's arguments, neither *Beavers v. Williams*, 194 Ga. 875 (23 SE2d 171) (1942), nor *Zinkhan v. Bruce*, supra, require a different result. In *Beavers*, supra, the Supreme Court of Georgia held that absent a change of circumstances involving the welfare of the child, a superior court entertaining a habeas corpus action lacked authority to change the prior judgment of the court of ordinary (now the probate court) appointing a permanent guardian for an orphaned child. 194 Ga. at 878-879. In *Zinkhan*, supra, this Court held that where a probate court, pursuant to OCGA § 29-2-4 (b), had issued letters of testamentary guardianship to the individual nominated as testamentary guardian in the wills of both deceased parents,[5] the superior court lacked jurisdiction over a subsequently-filed petition for custody, which constituted an improper collateral attack on the probate court's judgment. 305 Ga. App. at 512-514 (1). Each of these cases addresses a superior court's attempt to interfere with permanent custody over a parentless child established by a probate court's prior order, and neither one addresses a superior court's subject matter jurisdiction over a petition for permanent custody when a temporary

---

[5] A testamentary guardian has the same rights, powers, and duties as a permanent guardian. OCGA § 29-2-4 (c).

guardian has been appointed upon the consent of a child's parents. Consequently, the superior court correctly denied Barfield's motion to dismiss.

*Judgment affirmed. Barnes, P. J., concurs. Ray, J., concurs in judgment only.*