**FIRST DIVISION**
**DOYLE, C. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 10, 2016**

# In the Court of Appeals of Georgia

A15A1659. DRAWDY et al. v. SASSER.                    BO-082

BOGGS, Judge.

In this interlocutory appeal, Ronnie and Marla Drawdy ("the Drawdys") appeal from a superior court order denying their motion to dismiss a custody action in superior court based upon a prior pending action in juvenile court. For the reasons explained below, we affirm.

The record before us shows that in September 2014, Mary Sasser, the maternal grandmother of two minor children (N. W. and C. C.), filed a complaint for custody against her daughter (Lori Sey) and the Drawdys, the alleged temporary guardians of the children. In support of her custody complaint, the grandmother alleged that the

mother had signed an affidavit expressing her desire for the grandmother to be awarded custody of the children.[1]

It is undisputed that the Drawdys are not related to the minor children and that they initially became temporary guardians of the children in February 2010 with the mother's consent. The parties agree that four months later, the mother sought to terminate the temporary guardianship in probate court, but the Drawdys objected. The parties also agree that the probate court transferred the case to juvenile court.

In a motion to dismiss the superior court action, the Drawdys contend that following the transfer to juvenile court, they were awarded a new temporary guardianship in April 2012 based upon the mother's intervening incarceration. Sasser also asserts that following another oral motion by the mother to terminate the Drawdys' guardianship in juvenile court, they "filed a motion on or about December 23, 201[3][2] . . . for the court to grant Guardians permanent guardianship. Said motion for Permanent Guardianship is still pending in the Juvenile Court." Based upon their alleged temporary guardianship and motion for permanent guardianship in the

---

[1] This affidavit does not appear in the record before us.

[2] Based upon argument of counsel and other briefs submitted in the case it appears that the correct date should be 2013.

2

juvenile court, the Drawdys argued that the superior court lacked jurisdiction to determine custody based upon the doctrine of priority jurisdiction.

In her written briefs in superior court, the grandmother acknowledged that the Drawdys had temporary guardianship of the children. In the hearing on the motion to dismiss, however, the mother's attorney argued that the initial guardianship was terminated in 2011 when the mother completed a rehabilitation program and that a recent review of court records[3] showed that an order granting a subsequent temporary guardianship to the Drawdys was never filed in probate or juvenile court.

The grandmother's attorney claimed in the hearing that proper procedures were not followed in the juvenile court to seek permanent guardianship because juvenile courts can only issue a permanent guardianship order in a deprivation case. According to Sasser, the Drawdys could not allege that the children in their physical custody were deprived in order to seek a permanent guardianship in juvenile court.

The Drawdys' attorney responded that the mother's continued incarceration would demonstrate that the children were deprived, that her clients had been awarded

---

[3] Although the mother's attorney offered to show the superior court the juvenile court "documents and the transcripts," the documents were never admitted or placed in the record.

an existing temporary guardianship, and that the issue of deprivation could be raised in a juvenile court hearing on the request for permanent guardianship.

After additional argument by counsel, the trial court denied the motion to dismiss, concluding that "[i]t is a custody matter which belongs in Superior Court." At the request of the Drawdys, it granted a certificate of immediate review and this court granted the Drawdys' application for an interlocutory appeal.

1. On appeal, the Drawdys continue to assert that the doctrine of priority jurisdiction requires the superior court to cede jurisdiction to the juvenile court. We disagree.

(a) The Juvenile Code in effect at the time the Drawdys filed their motion for permanent guardianship[4] provided that "the juvenile court shall be vested with jurisdiction to appoint a permanent guardian for a child whose custody is a subject of a controversy before the court as a result of an adjudication that the child is deprived. . . ." Former OCGA § 15-11-30.1 (a) (2) (A). We have previously interpreted this Code section to "require[] that a child be adjudicated deprived before

_____

[4] The new Juvenile Code applies only to juvenile proceedings commenced on and after January 1, 2014. *In the Interest of M. F.*, Ga. (1) n. 4 (Case No. S15A0840, decided November 23, 2015). Since the motion for permanent custody in this case was filed in December 2013, the former Juvenile Code applies.

a juvenile court has the jurisdiction to grant an award of permanent guardianship over that child. (Citation and footnote omitted.) *In the Interest of L. B.*, 319 Ga. App. 173, 174-175 (1) (735 SE2d 162) (2012).

Here, there is no indication in the record before us that the juvenile court had already adjudicated the children deprived before the motion for permanent guardianship was filed in juvenile court. Consequently, the juvenile court did not yet have jurisdiction to award permanent guardianship at the time the petition for custody was filed in superior court. Simply put, there is no issue of priority jurisdiction with regard to the motion for permanent guardianship as contended by the Drawdys on appeal.

(b) Likewise, any existing temporary guardianship awarded by the juvenile court would *not* deprive the superior court of jurisdiction in a non-deprivation case. In *Barfield v. Butterworth*, 323 Ga. App. 156 (746 SE2d 819) (2013) (physical precedent only), we concluded that a temporary guardianship awarded by the probate court did not deprive a superior court of jurisdiction to consider a subsequently-filed petition for custody. Id. at 158-161 (2). As we explained, a temporary guardianship "neither terminates parental rights nor confers permanent custody. See *Sheppard v. McCraney*, 317 Ga. App. 91, 92, n. 3 (730 SE2d 721) (2012)." Id. at 159-160 (2).

5

Consequently, a temporary guardianship in a non-deprivation case would not foreclose the filing of a petition for permanent custody in superior court, and "an award of permanent custody would necessarily supercede a temporary guardianship." Id. at 160 (2).

(2) In their remaining enumeration of error, the Drawdys assert that they are not proper defendants in the superior court action because they lack standing as non-relatives to affirmatively seek custody in superior court. They reason that if they "are barred from filing a cross claim for custody, then it stands to reason that the Plaintiff has failed to state a claim against Defendants as contemplated under OCGA § 9-11-12." We disagree. In addition to any temporary guardianship awarded by the juvenile court, it is clear from the record that the Drawdys also had physical custody of the children at the time of the hearing on their motion to dismiss the custody petition in superior court. They were therefore proper defendants in an action seeking custody of the children, irrespective of their right to affirmatively seek custody in their favor. See OCGA § 9-11-19 (a) (joinder of parties). Cf. *Brooks v. Carson*, 194 Ga. App. 365, 367 (2) (390 SE2d 859) (1990) (physical precedent only) (decided under former OCGA § 19-9-50), overruled on other grounds, *Mayor & Alderman of Savannah v. Norman J. Bass Constr. Co.*, 264 Ga. 16, 17 (1) (441 SE2d 63) (1994).

*Judgment affirmed. Doyle, C. J. and Rickman, J., concur.*