**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 18, 2020**

# In the Court of Appeals of Georgia

A19A2055. GNAM v. LIVINGSTON.

COOMER, Judge.

Diane Gnam appeals from a trial court order dismissing her petition for grandparent visitation and awarding attorney fees to her daughter, Stephanie Livingston. On appeal, Gnam contends that the trial court erred by dismissing the petition for lack of jurisdiction; awarding attorney fees to Livingston without providing the proper notice and opportunity to be heard; and awarding attorney fees to Livingston without making findings of fact and conclusions of law sufficient to support the award. Finding no error, we affirm.

Livingston and her former husband are the parents of two minor children. Gnam is the maternal grandparent of the minor children. Livingston and her former husband were divorced in August 2018. The complaint for divorce was filed in June

2018 and resolved by a final order in August 2018. Livingston and her former husband have shared legal custody of their minor children.

On September 10, 2018, Gnam filed a petition for grandparent visitation. On December 11, 2018, Livingston filed a motion to dismiss for lack of subject matter jurisdiction. After a hearing on December 18, 2018, the trial court granted Livingston's motion to dismiss. The trial court also awarded attorney fees under OCGA § 9-15-14 (b) in the amount of $800. This appeal followed.

1. Gnam contends that the trial court erred by dismissing the petition for grandparent visitation for lack of jurisdiction. We disagree.

We apply a de novo standard of review to a trial court's decision regarding its subject matter jurisdiction which is based on an application of law to undisputed facts. *Barfield v. Butterworth*, 323 Ga. App. 156, 156 (746 SE2d 819) (2013).

"Any grandparent shall have the right to file an original action for visitation rights to a minor child" unless "the parents of the minor child are not separated and the child is living with both parents." OCGA § 19-7-3 (b) (1) (A) and (b) (2). However, "[a]n original action requesting visitation rights shall not be filed by any grandparent more than once during any two-year period and shall not be filed during any year in which another custody action has been filed concerning the child." OCGA

2

§ 19-7-3 (c) (2). The trial court found that Livingston and her former husband had been divorced in the same court earlier in 2018; that the complaint for divorce was filed in June 2018; and the final judgment and decree of divorce was filed in August 2018. The trial court further found that in the divorce action, Livingston and her former husband were granted joint legal and physical custody of their minor children, alternating on a week-to-week basis.

Gnam does not dispute the trial court's finding that Livingston and her former husband were granted joint legal and physical custody of their minor children in the divorce action. However, Gnam argues that because their divorce action was uncontested and the parties were not contesting custody in the divorce, the trial court erred by denying her the right to bring an original action for grandparental visitation rights. The trial court found that the "divorce was clearly a custody action, as both parents were awarded joint legal and shared physical custody of their children." We agree with the trial court that a divorce action in which custody is awarded is clearly a custody action. See *Burton v. Furcron*, 207 Ga. 637, 637 (63 SE2d 650) (1951) ("Where children are involved in the granting of a divorce decree, it is the duty of the trial judge to award their custody."). See also *Weaver v. Weaver*, 238 Ga. 101, 103 (2) (230 SE2d 886) (1976) ("Any agreement or consent to custody between the

3

husband and wife is not controlling on the court. . . . [I]t was the duty of the court to make a custody decision in the children's best interests, regardless of the appellant's apparent willingness to give custody to the appellee."). Gnam's petition requesting visitation rights was filed in the same year as the divorce action. Therefore, the trial court did not err by dismissing Gnam's petition for lack of subject matter jurisdiction.

2. Gnam next contends that the trial court erred by awarding attorney fees to Livingston under OCGA § 9-15-14 (b) without providing Gnam with the proper notice and opportunity to be heard. We disagree.

"An award of attorney fees pursuant to OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." *Haywood v. Aerospec, Inc.*, 193 Ga. App. 479, 479 (4) (388 SE2d 367) (1989) (citation and punctuation omitted).

A court may assess attorney fees if it finds that a party brought an action that "lacked substantial justification or . . . was interposed for delay or harassment[.]" OCGA § 9-15-14 (b). Gnam argues that she was given no notice that the motion for attorney fees would be heard at the hearing on December 18, 2018, and that she was not informed that she needed to respond to the motion on or before December 18, 2018. However, at the hearing on December 18, 2018, Gnam agreed to respond to the motion that day.

4

COUNSEL FOR LIVINGSTON: Your honor, I do have one last thing. I did file a motion for attorney's fees in this case. Would that be reserved and would the court want us to submit something in writing on that?

COURT: Well, I don't know how recent that was filed, and obviously I think [counsel for Gnam] would have the opportunity to respond.

COUNSEL FOR GNAM: We'll be glad to respond, your honor. We can respond here today and give evidence, because that motion is based upon harassment under [OCGA § ] 9-15-14 and requires evidence of my client's harassment and intention to harass.

The trial court then allowed Livingston's counsel to address the motion for attorney fees and provide support for the amount Livingston was seeking. The trial court asked Gnam's counsel if he had any questions regarding the amount Livingston was seeking or any argument. Gnam's counsel argued that the motion for attorney fees should be dismissed, contending that "if he is entitled to an award of attorney's fees, he must show that my client engaged in harassment and interference. And she is here if he wants to take her testimony, we're available." When the trial court asked him if he had anything else, Gnam's counsel responded, "The law is clear attorney's fees and costs may be awarded to respondent if the petition was brought for harassment or other improper purpose. . . . There is no such . . . evidence in the record that would justify a reward of attorney's fees, your honor."

A party "cannot acquiesce in a . . . procedure by a trial court and then complain of it. Failure to object to the procedure amounts to a waiver." *In re Estate of Bell*, 274 Ga. App. 581, 584 (618 SE2d 194) (2005). In the instant case, Gnam agreed to respond to the motion for attorney fees at the December 18, 2018 hearing. Her failure to object amounts to a waiver.

3. Finally, Gnam contends that the trial court erred by awarding attorney fees to Livingston without making findings of fact and conclusions of law sufficient to support the award. We find no error.

As stated above, a court may assess attorney fees if it finds that a party brought an action that "lacked substantial justification or . . . was interposed for delay or harassment[.]" OCGA § 9-15-14 (b). "When a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made." *Mize v. Regions Bank*, 265 Ga. App. 635, 636 (2) (595 SE2d 324) (2004) (citation omitted). In this case, the court specified the conduct upon which the award was made:

> The Court finds that after [Livingston's] counsel filed his Motion to Dismiss, he made contact with the office of [Gnam's] attorney and requested that the underlying Petition be dismissed along with the request for a hearing. [Gnam] chose instead to proceed to court. This

6

Court finds that, based on the clear statutory language quoted hereinabove, the maternal grandparent's Petition lacked substantial justification. To proceed to court in the face of explicit statutory authority barring her claim unnecessarily extended the proceedings.

The trial court specified that it was awarding the fees under OCGA § 9-15-14 (b). Having reviewed the record in this case, we conclude that the trial court made sufficient findings to support an award.

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*